## NEW QUINCY MIN. CO., et al. v. JOHNSON.

No. 7107.   Decided November 4, 1948.   (199 P. 2d 561.)

See 55 C. J. S., sec. 223; 13 Am. Jur. 294. Mandamus to compel delivery of papers and records to private corporation, note, 93 A. L. R. 1061.

*McKay, Burton & White* and *Richard S. Johnson,* all of Salt Lake City, for appellant.

*Critchlow & Critchlow, Jensen & Richards,* and *E. C. Jensen,* all of Salt Lake City, for respondent.

PRATT, Justice.

The plaintiffs on February 19, 1947, filed an application for a writ of mandate against the defendant to require him to deliver to plaintiff Bowman the books, records and other property of the New Quincy Mining Company, alleged to be in the defendant's possession. Thereafter, an alternative writ of mandate was issued and served on the defendant (appellant). Upon hearing, the trial court directed that a peremptory writ of mandate should issue commanding surrender to Bowman of all the books, ledgers, records, stock certificates, and other property in his possession. De-

fendant moved for a new trial, which motion was denied and defendant prosecutes this appeal having filed an undertaking on appeal.

This action is an outgrowth of a series of events and maneuvers which have been outlined in considerable detail in the case of *Floor* v. *Johnson, et al.*, 114 Utah 313, 199 P. 2d 547. In that case we sustained the lower court in its holding that the issuance of 200,000 shares of stock of the New Quincy Mining Company was fraudulent for the purpose of retaining control of the corporation. In that suit we upheld the lower court in its declaration that the directors, of whom plaintiff was one, were the duly elected directors of the company, instead of the group of whom defendant in this case was one.

The essential facts presented by this case are outlined briefly as follows:

At a general election held January 22, 1946, M. B. Johnson, defendant, and others, hereafter designated the Johnson group, were elected to the positions of directors of the New Quincy Mining Company. In securing this election there was voted for them 200,000 shares of stock held in the name of J. C. Johnson, trustee. The transfer of these 200,000 shares on the corporation books from the New Quincy Mining Company to J. C. Johnson, trustee, was the transfer set aside by the previous decision. The other slate of directors, designated hereafter as the Floor group, held a majority of the votes, if the 200,000 shares were not counted. The plaintiff, Bowman, was one of this group. After the election, this group, acting upon the theory that the 200,000 shares were improperly counted, took oaths of office and organized as a board of directors with the plaintiff Bowman as secretary and treasurer. Nick Floor of that group instituted the suit to which reference is made above, which resulted as indicated. The lower court decided that case October 21, 1946; and among other things the use of those 200,000 shares for voting purposes was restrained.

At the next general election of January, 1947, the Floor group, without the 200,000 shares being voted, won the election. Thereafter, the plaintiff Bowman, as secretary of the Floor group, filed application for this writ of mandate.

The defendant (appellant) has assigned as error numerous matters relating to the pleadings; overruling of motions; exclusion of evidence and exhibits; insufficiency of the evidence to support the election of Bowman; also matters heretofore settled in the case *Floor* v. *Johnson, et al.,* cited above, relating to the election of the Floor group as directors in 1946; matters relating to the election and qualification of the Floor group as directors in 1947; and finally, attacking the issuance of a writ of mandamus as not justified or proper in this case.

Due to delays incident to the transcription of the testimony, over which delays the parties had no control, the controversies between these parties over the 200,000 shares of stock did not come up to this court on appeal, in the order they were tried in the lower court. The result is this: The decision of the merits of the issue of those 200,000 shares of stock (see decision cited above) disposes of the background of the present appeal on mandamus. As we decided in that case that the Floor group was the properly elected directorate, and as plaintiff Bowman in this case is the secretary and treasurer selected by that group, it seems obvious that be the mistakes of the lower court in this mandamus proceeding what they may—if any mistakes there be—to discuss and decide them now would be merely academic; and, were the decision of the lower court reversed and the case remanded for reconsideration, the litigation would be prolonged without purpose. There is nothing about the issues of this case that would in any way modify or reverse our decision on the merits.

Therefore, in the interest of time and the termination of this litigation, it is ordered that the exhibits on file in these proceedings together with all other property covered by

the writ of mandate issued herein be delivered to the plaintiff Bowman as the secretary and treasurer of the New Quincy Mining Company.

In closing we invite attention to the case of *State of Utah, ex rel. Kahn* v. *Johnson, et al.*, 114 Utah 333, 199 P. 2d 556, for a discussion of the matter of a stockholders' meeting of May 13, 1947, due to which it is claimed the Floor group were ousted from office. The evidence on this was excluded in the present trial.

McDONOUGH, C. J., and WADE, WOLFE, and LATIMER, JJ., concur.